I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO (SEE BELOW) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE

TO:    DATE:    DEPUTY CLERK:

Petitioner on April 20, 2015, by TS



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROGELIO MARTINEZ,<br><br>   Petitioner,<br><br>   v.<br><br>CYNTHIA TAMPKINS, Warden,<br><br>   Respondent. | No. CV 15-2708-JLS (DFM)<br><br>ORDER TO SHOW CAUSE |

On April 13, 2015, Petitioner Rogelio Martinez filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") in this Court. On October 17, 2011, Petitioner was convicted by a Los Angeles County Superior Court jury of two counts of making criminal threats, one count of dissuading a witness by force or threat of force or violence, one count of misdemeanor cruelty to a child by inflicting injury, one count of child abuse, and one count of misdemeanor battery. Petition at 2.[1] On November 30, 2011, Petitioner was sentenced to 19 years in state prison. Id.

---

[1] All citations to the Petition are to the CM/ECF pagination.

**A.     The Petition Is Facially Untimely**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitations period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four alternative accrual dates. See 28 U.S.C. § 2244(d)(1)(A)-(D). In most cases, including this one, the limitations period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, the California Supreme Court denied Petitioner's petition for review on August 28, 2013. Petitioner does not appear to have filed a petition for writ of certiorari in the Supreme Court. Therefore, his conviction became final 90 days later, on November 26, 2013. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Petitioner then had one year from the date his judgment became final on November 26, 2013, until November 26, 2014, to timely file a habeas corpus petition in this Court. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). However, Petitioner did not file the instant action until April 13, 2015, more than four months too late.

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Nor does it appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C) because none of the claims alleged in the Petition appear to be based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) because it appears from the face of the

2

Petition that Petitioner was aware of the factual predicate of all his claims at the time of his trial in 2011. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

**B.     It Does Not Appear that Petitioner Is Entitled to Sufficient Statutory Tolling to Make the Petition Timely**

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The entire period of time for a full round of collateral review, from the filing of a first state habeas petition to the time the last state habeas petition is denied, may be deemed "pending" and tolled, so long as the state petitioner proceeds in a hierarchical order from one lower state court to a higher state court. See Carey v. Saffold, 536 U.S. 214, 223 (2002). This includes so-called "gap tolling" for the periods of time between such state habeas petitions. Id.

As noted above, Petitioner's conviction became final on November 26, 2013. Petitioner filed his first state habeas petition in the California Supreme Court on September 11, 2014. See Petition at 3. Petitioner is not entitled to any gap tolling for the period between the date his conviction became final on November 26, 2013, and the date he filed his state habeas petition in the California Supreme Court on September 11, 2014, because this more than nine-month delay is not "reasonable." See Evans v. Chavis, 546 U.S. 189, 191-92 (2006); see also Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (finding that 30- to 60-day delays in seeking habeas relief from the next highest state court were "reasonable" under Chavis). Therefore, as of September 11, 2014, 289 days in the one-year limitations period had elapsed, and Petitioner

had 76 days remaining in which to file a timely federal habeas petition.

Petitioner is entitled to statutory tolling from the date he filed his state habeas petition on September 11, 2014, until the California Supreme Court denied the petition on November 12, 2014. Therefore, as of November 12, 2014, Petitioner had 76 days remaining in the one-year limitations period, or until January 27, 2015, in which to file a timely petition. However, Petitioner did not file his habeas petition in this Court until April 13, 2015, more than two months too late.

**C.      Petitioner Does Not Appear to Be Entitled to Any Equitable Tolling**

The Supreme Court has held that AEDPA's one-year limitation period is also subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 605, 645 (2010). However, a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently; and (2) that "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Holland, 560 U.S. at 649. Here, Petitioner does not allege that any circumstances exist which would establish a right to equitable tolling.

**D.      Conclusion**

A district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

///

///

///

4

IT THEREFORE IS ORDERED that, on or before May 18, 2015, Petitioner show cause in writing as to why the Court should not recommend that this action be summarily dismissed with prejudice on the ground of untimeliness.

Dated: April 20, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge